


DONNA KAY McKINNEY

COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2017CI12975

**Name**: LINDA GOMEZ

**Date Filed** : 07/17/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 166

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : LINDA GOMEZ

**Style (2)** : vs METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS



# Case History

*Currently viewing 1 through 4 of 4 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00003 | 8/7/2017 | ORIGINAL ANSWER OF METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS |
| S00001 | 7/19/2017 | CITATION METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS ISSUED: 7/19/2017 RECEIVED: 7/19/2017 EXECUTED: 7/28/2017 RETURNED: 8/8/2017 |
| P00002 | 7/17/2017 | SERVICE ASSIGNED TO CLERK 2 |
| P00001 | 7/17/2017 | PETITION |

FILED
7/17/2017 2:47 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

CIT PPS SAC2

CAUSE NO. 2017CI12975

| | | |
|---|---|---|
| LINDA GOMEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | 166 |
| V. | § | JUDICIAL DISTRICT |
| | § | |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff LINDA GOMEZ, files this Original Petition against METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS ("MET LIFE" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

**I.**
**DISCOVERY CONTROL PLAN LEVEL**

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**II.**
**PARTIES AND SERVICE**

Plaintiff resides in Bexar County, Texas.

Defendant MET LIFE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;
- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;
- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and the Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at, 312 Avenue E. Street, Converse, Texas 78109, (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about April 12, 2016 under Policy Number H7142922770 and Claim Number JDG30307, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported

same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.

Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2. THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above..

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

BY: */s/ Robert A. Pollom*
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake S. Rogiers
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: ______________ COURT *(FOR CLERK USE ONLY)*: ______________

STYLED Linda Gomez v. Metropolitan Lloyds Insurance Company of Texas

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Robert A. Pollom

Email: Stefanie@krwlawyers.com

Address: 16500 San Pedro, Suite 302

Telephone: (210) 490-7402

City/State/Zip: San Antonio, TX 78232

Fax: (210) 490-8372

Signature: [signature]

State Bar No: 24041703

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Linda Gomez

Defendant(s)/Respondent(s): Metropolitan Lloyds Insurance Company of Texas

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

☒ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: ______

Additional Parties in Child Support Case:

Custodial Parent: ______

Non-Custodial Parent: ______

Presumed Father: ______

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

## Civil

**Contract**

*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract: ______

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract: ______

**Injury or Damage**

☐ Assault/Battery
☐ Construction
☐ Defamation

*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability: ______
☐ Motor Vehicle Accident
☐ Premises

*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product: ______
☐ Other Injury or Damage: ______

**Real Property**

☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property: ______

**Related to Criminal Matters**

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other: ______

**Employment**

☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment: ______

**Other Civil**

☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: ______

## Family Law

**Marriage Relationship**

☐ Annulment
☐ Declare Marriage Void

*Divorce*
☐ With Children
☐ No Children

**Post-judgment Actions (non-Title IV-D)**

☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**

☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Other Family Law**

☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other: ______

**Parent-Child Relationship**

☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child: ______

**Tax**

☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: ______

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

68880

| IN RE: | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| RESIDENTIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the

11/30/2016 VOL 4655 PG 1812



insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

Michael Mery, Judge
37th District Court

Stephani Walsh, Judge
45th District Court

Antonia Arteaga, Judge
57th District Court

David A. Canales, Judge
73rd District Court

11/30/2016 VOL 4655 PG 1813

68880

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

11/30/2016 VOL 4655 PG 1814



68880

68880

**AGREED MEDIATION ORDER**

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: ______________________________

Mediator: ______________________________

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1. An attorney of record for each party, unless the party is self-represented.
2. All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.
3. A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on ______________________, 2016.

______________________________
Judge Presiding

11/30/2016 VOL 4685 PG 1815

68880

FILED
8/7/2017 2:19 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017CI12975

| | | |
|---|---|---|
| LINDA GOMEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § | |
| | § | |
| | § | |
| Defendant. | § | 166TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**

1. **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**; and
   B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

* * *

**COVERAGE B – PRIVATE STRUCTURES**

At the location of the **residence premises:**

1. **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

* * *

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

**We** do not cover private structures:

1. used or held for any **business** or commercial farming purposes; or
2. rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

* * *

**COVERAGE C - PERSONAL PROPERTY**

**Personal Property Covered**

**We** cover personal property owned or used by **you** while it is anywhere in the world.

* * *

## CAUSES OF PROPERTY LOSS

## SECTION I - LOSSES WE COVER (COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation.**

* * *

2. **Windstorm or Hail**
**We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

* * *

## SECTION I - LOSSES WE DO NOT COVER

* * *

1. **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

* * *

D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

   1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
   2. water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
   3. water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

   This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

   However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

   Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

* * *

H. **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

* * *

2. **We** do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

   A. conduct, act, failure to act, or decision of any person, group, organization or governmental body;

B. defective, inadequate, faulty or unsound:
1. planning, zoning, development, surveying, siting;
2. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
3. materials used in repair, construction, renovation or remodeling; or
4. maintenance;

of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and

C. weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3. **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

* * *

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

* * *

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiff. Specifically, the subject insurance policy provides as follows:

SECTION I – CONDITIONS

* * *

2. **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A. Promptly notify **us** or **our** representative.

B. Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C. Cooperate with us in the investigation of a claim.

* * *

E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:

1. show **us** the damaged property;
2. submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

* * *

7. **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

   The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us.**

   **You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

   With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By: Dennis D. Conder
State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of August, 2017, a copy of the foregoing was delivered to Plaintiff's counsel of record in accordance with the Texas Rules of Civil Procedure.

Dennis D. Conder

PAN/PLDG/590216.1/001466.17005